Supreme Court—Amer. Metal Bed Co. v. Lehigh Valley R. R. Co.

AMERICAN METAL BED COMPANY, PLAINTIFF-APPEL-
LANT, v. LEHIGH VALLEY RAILROAD COMPANY, DE-
FENDANT-APPELLEE.

Decided November 19, 1923.

**Common Carriers—Shipment of Goods—Liability of Carrier
When Packing is Done by Shipper.**

On appeal from the Second District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Milton M. Unger.*

For the defendant, *McCarter & English.*

PER CURIAM.

The plaintiff appeals from a judgment rendered in favor of
the defendant, in the Second District Court of Newark, in an
action brought by the former against the latter upon the
allegation that the company in the transportation of certain
merchandise delivered to it by the plaintiff, at Newark, to be
safely carried by it over its lines to Pittsburgh, Pennsylvania,
so negligently and carelessly handled and cared for the same
that the merchandise became injured, broken and destroyed,
whereby the plaintiff was damaged in the sum of $500.

The plaintiff's two witnesses, Sachs and Polushuk, experi-
enced in the line of shipping, employed by the plaintiff,
testified that they carefully loaded the goods in the freight
car and braced the shipment securely. The shipment was
known as "shipper's load and count." The plaintiff was given
a bill of lading which had this statement clearly written
across the face of it. This means, and was so understood,
that the shippers loaded the freight and thereby relieved the
company from liability for any damage to the merchandise
as a result of improper loading. Such a shipment was author-

ized under the provision of the Federal Bill of Lading act, which, among other things, provides that the carrier may by inserting in the bill of lading the words "shipper's weight, load and count," or other words of like purport, indicate that the goods were loaded by the shipper, and if such statements be true, the carrier shall not be liable for damages caused by the improper loading.

There was proof that after the packing by the plaintiff's servants the door was closed and a seal placed upon the door by an agent of the railroad company.

In this shipment of merchandise there were one hundred and forty iron beds which had been damaged, badly rubbed and knocked and the enamel scraped off, &c., when the car was opened at Pittsburgh and the merchandise inspected.

On behalf of the defendant it was testified that the seal upon the door of the car upon its arrival at Pittsburgh was unbroken; that the beds had been knocked about and damaged because they had been improperly packed; that there were no braces in the car to keep them steady and they were not properly protected by excelsior and paper.

Thus a conflict in the evidence presented itself upon a factual question which was for the court to decide. The court determined the question in favor of the defendant and his finding in that regard being supported by some testimony cannot be properly disturbed.

We are, therefore, not concerned with the burden of proof which is elaborately argued with appellant's brief, since there was testimony to support the court's finding.

For the appellant it is further argued that the court erred in refusing to permit the plaintiff to prove return freight charges.

This contention is untenable in view of the fact that the court found the defendant free of any negligence in the transportation of the goods, and, therefore, sustained the defendant's claim that the damage to the beds was the result of careless packing of them by the plaintiff's servants.

Judgment is affirmed, with costs.